UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:05-631 |
| ALEJANDRO BERNAL, JR.,<br>  Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Alejandro Bernal, Jr.'s Motion for Sentencing Modification Under 18 U.S.C. § 3582(c)(1)(A)(i). D.E. 28.

## I. BACKGROUND

In 2005, Defendant pled guilty to possession with intent to distribute 67.1 kilograms of cocaine. He has served 187 months (71%) of his 262-month sentence and has a projected release date, after good time credit, of June 18, 2024. He now seeks a sentence reduction based on extraordinary and compelling reasons because his mother recently died from COVID-19, and his elderly father is at an increased risk of severe illness or death should he contract COVID-19. Defendant submitted an administrative request for a sentence reduction based on his need to care for his parents and concerns about COVID-19, but the warden at Oxford FCI denied his request.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring

1

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

>    **(A) Medical Condition of the Defendant.—**
>       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>       (ii) The defendant is—
>          (I) suffering from a serious physical or medical condition,
>          (II) suffering from a serious functional or cognitive impairment, or
>          (III) experiencing deteriorating physical or mental health because of the aging process,
>
>       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>    **(B) Age of the Defendant. –**
>       The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to

deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

**III. ANALYSIS**

Defendant moves for compassionate release in order that he can care for his father, who is 80 years old, suffers from high cholesterol, and is losing his sight and hearing. Defendant says that his mother recently died from COVID-19, and he fears his father will suffer the same fate if he contracts COVID-19.[1] Defendant therefore wishes to "be his father's caretaker in order to preserve his life as he couldn't do for his mother." D.E. 28, p. 3.

"Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother); *see also United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (collecting cases). The Court also cannot release every prisoner whose aging parents might contract COVID-19, because the Court would then be obligated to release every prisoner. "General concerns about the spread of COVID-19 . . . are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *See Koons*, 2020 WL 1940570 at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

Defendant also emphasizes that he has completed thousands of hours of recidivism training and is no longer a danger to society. He earned his GED and a paralegal degree in prison; completed more than 40 other educational programs; has tutored and facilitated courses since 2010; and currently serves as a suicide companion. Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to

---

[1]. According to the Centers for Disease Control and Prevention (CDC), older adults (age 65 and above) are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Mar. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Sentencing Modification Under 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 28) is **DENIED**.

It is so **ORDERED** this 5th day of May, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE